UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SOU W. HER,

          Petitioner,

v.                                                          Case No. 09-C-529

ROBERT HUMPHREYS,

          Respondent.

## ORDER

On April 29, 2009, petitioner filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. The case was subsequently transferred from the Western District to this District. Petitioner was convicted in Sheboygan County Circuit Court of false imprisonment and carjacking. He is currently incarcerated at Racine Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

At the outset, I note that the petition does not appear timely on its face, as the date of the last appeal occurred in 2007. However, from publicly available records it appears that Her appealed his case to the state supreme court, which issued a decision in May 2008, some eleven-plus months prior to the filing of this lawsuit. Accordingly, the petition does appear timely.

Her claims that his sentence was unconstitutional. It was, undeniably, the result of an unusual situation. Her an and accomplice, Xiong, entered a home, tied up the homeowner, and stole the owner's pickup truck. Xiong received a sentence of 25 years. The prosecutor in Her's case offered to recommend a sentence equal to the sentence Xiong received, but at the time he made the offer the prosecutor (and, apparently, Her's counsel) erroneously believed that Xiong had only received 15 years. By the time of sentencing, the prosecutor recognized the error. So did the sentencing judge, who wondered why Her should receive such a significantly lower sentence than his accomplice. The prosecutor stood by his promise to recommend 15 years, but the judge essentially disregarded the recommendation and sentenced Her to the same 25 years that Xiong received. Her alleges this was ineffective assistance of trial counsel, and he further alleges that the prosecutor breached the plea agreement.

As the state court of appeals recognized, however, there was no breach of the plea agreement on the part of the prosecutor. He promised to recommend 15 years, and that is what happened. The fact that he honestly explained to the judge his error does not constitute a breach. The problem was not so much that the plea agreement was "breached"; the problem is that because the recommendation was clearly premised on a mistake, the recommendation was viewed as essentially worthless in the eyes of the sentencing judge. In other words, even if the error undercut any weight the judge might have otherwise placed on the recommendation, it was not a breach of any agreement

2

to *make* such a recommendation.[1]  It is clear from the record that the sentence would have been 25 years regardless of any recommendations.  Thus, if there is any constitutional error here it is not in the sentencing phase but in the voluntariness of the plea itself, as the defendant arguably entered into a plea bargain under the false belief that the prosecutor's 15-year recommendation would be a *meaningful* consideration for the sentencing judge.  Voluntariness does not seem to have been raised in the state courts, however, and it appears that any ineffective assistance claim raised in the state courts pertained to the "breach" issue rather than the voluntariness of the plea.  Still, without the entire record before me, I cannot say that the petition can be dismissed summarily.  The respondent need not respond to the breach issue but should limit his response to whether Her's plea was voluntary and whether that issue was exhausted in the state courts.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims:  (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

---

[1] This also undermines the claim that it was ineffective assistance for counsel to have failed to object to the "breach" of the plea agreement.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed *in forma pauperis* is denied as moot as the filing fee has been paid.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707. This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   26th   day of August, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

4

Case 1:09-cv-00529-WCG   Filed 08/26/09   Page 4 of 4   Document 6