UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SOU W. HER,

      Petitioner,

v.                                                                      Case No. 09-C-529

ROBERT HUMPHREYS,

      Respondent.

**ORDER**

On April 29, 2009, petitioner filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In particular, he alleged that the state prosecutor breached the plea agreement and that his attorney was ineffective for failing to object on that basis. In this Court's screening order, I concluded that the plea agreement had not been breached. The prosecutor agreed to recommend a given sentence, and that is what occurred. I concluded instead that "[t]he problem was not so much that the plea agreement was 'breached,' the problem was that because the recommendation was clearly premised on a mistake, the recommendation was viewed as essentially worthless in the eyes of the sentencing judge." (Dkt. # 6 at 2.) After rejecting the breach of plea issue raised in the petition, I directed the parties, for the sake of completeness, to address the issue of voluntariness of the plea (which apparently had not been raised in the state courts). The parties have not accepted this Court's invitation and have instead focused on the plea issue. I thus consider only that issue and reiterate

my conclusion that there was no breach of plea and thus no ineffective assistance of counsel arising out of the plea.

To recap:

> Her and an accomplice, Xiong, entered a home, tied up the homeowner, and stole the owner's pickup truck. Xiong received a sentence of 25 years. The prosecutor in Her's case offered to recommend a sentence equal to the sentence Xiong received, but at the time he made the offer the prosecutor (and, apparently, Her's counsel) erroneously believed that Xiong had only received 15 years. By the time of sentencing, the prosecutor recognized the error. So did the sentencing judge, who wondered why Her should receive such a significantly lower sentence than his accomplice. The prosecutor stood by his promise to recommend 15 years, but the judge essentially disregarded the recommendation and sentenced Her to the same 25 years that Xiong received.

(Dkt. # 6 at 2.)

In my screening order I concluded the prosecutor did not breach any plea agreement because he recommended exactly what he promised. The fact that the prosecutor responded honestly to the judge's inquiry and explained why he had agreed to recommend such a reduced sentence in comparison to the sentence the co-defendant had received was not a breach of the plea agreement. That the judge, upon hearing the explanation, essentially disregarded the recommendation and based Her's sentence on the co-defendant's does not undermine the fairness of the proceedings or the prosecutor's recommendations. The prosecutor was not attempting to undermine the plea recommendation – which could undermine the spirit of the plea negotiation – but was simply responding to an inquiry from the judge. Moreover, the record reflects that the prosecutor told the defendant of the mistake before sentencing and of his intent, if asked, to explain to the court how he had arrived at the more lenient sentence recommendation.

In its brief, the state has cited *United States v. Maldonado*, 215 F.3d 1046 (9th Cir. 2000), which is analogous. There, a prosecutor agreed to recommend a sentence based on an offense level of 32 under the federal sentencing guidelines. The correct offense level was 34, however, and when asked by the court, the government acknowledged its miscalculation but nevertheless stood by its promise to recommend a score of 32. Despite the prosecutor's recommendation, the court correctly determined the sentence range under the Guidelines and imposed a sentence within that range. The Court of Appeals rejected the defendant's argument that the prosecutor had breached the plea agreement by acknowledging his miscalculation:

> We conclude that a plea agreement does not bar the government from honestly answering the district court's questions. To the contrary, honest response of the government to direct judicial inquiry is a prosecutor's professional obligation that cannot be barred, eroded or impaired by a plea agreement. Thus, we hold there could be no plain error.

*Id.* at 1052.

This is precisely what happened here, as the state courts concluded. The fact that the agreement was based in part on an error does not mean the prosecutor did not live up to his end of the bargain. And under the deferential standards imposed by the Antiterrorism and Effective Death Penalty Act, I cannot say that the state courts erred in upholding the sentence. Accordingly, the petition is dismissed. The Clerk shall enter judgment accordingly.

**SO ORDERED** this ___30th___ day of December, 2010.

                                                     s/ William C. Griesbach
                                                   William C. Griesbach
                                                   United States District Judge